**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise A Canzoneri, | No. CV-20-08033-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Prescott Unified School District, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (Docs. 13, 19, 22.) Oral argument was heard July 30, 2020. (Doc. 23.) Having considered the complaint, pleadings, and applicable law, the motion will be granted.

**I.   BACKGROUND**

Denise Canzoneri is a former librarian specialist who worked at Prescott United School District ("PUSD") for twenty-two years. (Doc. 1, "Compl." ¶¶ 3-4.) On March 20, 2019, PUSD informed Ms. Canzoneri that "[her] position has been eliminated due to budget cuts." (*Id.* ¶ 14.) Almost two weeks later at a school board meeting, Ms. Canzoneri publicly proposed that a focus group be formed to address library funding in K-12 schools.[1] (*Id.* ¶¶ 16, 21.) The next day, she received a letter from PUSD "demanding that she cease her public protected free speech concerning public matters involving the [l]ibrary, which was restricted pursuant to her Employment Contract[2] with PUSD." (*Id.* ¶ 17.) She was

---

[1] Ms. Canzoneri claims that she has attached a printed version of what she said to the complaint at this meeting, but no such thing is attached. (*See* Compl. ¶ 21.)

[2] Defendants provided Ms. Canzoneri's Employment Contract as an attachment to their

also placed on administrative leave that same day pending an investigation into her speech at the school board meeting. (*Id.* ¶¶ 17, 22.)

Two days after the school board meeting, on April 4, PUSD's assistant superintendent Marti Read and high school principal Mark Goligoski met with Ms. Canzoneri. (*Id.* ¶ 23.) During the meeting, she "felt threatened, intimidated, frightened, and brow beaten." (*Id.* ¶ 24.) "She was directed to not have any contact, in person, by phone, or by letter with any employee of [PUSD] or any student or parent of [PUSD] unless directed or permitted to do so." (*Id.* ¶ 25.) Later that day, she asked PUSD's superintendent Joe Howard for permission to do various things. (*Id.* ¶ 26.) Without a response from Mr. Howard, Ms. Canzoneri declined to attend a meeting in which her attendance was required. (*Id.* ¶ 28.) In response, the human resources director threatened her that she would be subject to further disciplinary action if she did not attend. (*Id.*) Ms. Canzoneri responded by email to the human resources director, explaining how she had been treated. (*Id.* ¶¶ 29, 33.) Three days later, on April 15, she was placed on administrative leave for the rest of the school year. (*Id.*)

About ten months later, Ms. Canzoneri filed this lawsuit *pro se* under 42 U.S.C. § 1983 against PUSD, Mr. Howard, Mr. Read, Mr. Goligoski, and the Arizona Department of Education. Because the Arizona Department of Education was not timely served, it was dismissed on May 12, 2020. (Doc. 12.) The Complaint alleges Fourteenth Amendment equal protection and substantive due process claims against Mr. Howard, Mr. Read, and Mr. Goligoski and First Amendment claims against all Defendants. (*Id.* ¶¶ 36-42.) She requests reinstatement as a librarian specialist at PUSD, declaratory judgment that her termination is unconstitutional, compensatory damages for lost wages, punitive damages against select individual Defendants, and attorney's fees and costs. (*Id.*)

The remaining Defendants now move to dismiss the lawsuit in its entirety under Federal Rule of Civil Procedure 12(b)(6). (Doc. 13.)

---

motion to dismiss. Since the complaint necessarily relies on this document and its authenticity is not disputed, the Court will take judicial notice of it.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Facial plausibility only exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. DISCUSSION

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be

dismissed because the Complaint does not state a valid § 1983 claim against PUSD, the Complaint does not state a valid wrongful termination claim,[3] the Complaint does not state a valid liberty interest claim, the Complaint does not state a valid property interest claim, the Complaint does not state a valid equal protection claim, the Complaint does not state a valid First Amendment claim, and the Complaint does not state a valid claim against the individual Defendants.

### A.  § 1983 Claims

Defendants' motion first argues that Plaintiff's 42 U.S.C. § 1983 claims should be dismissed because a political subdivision such as a school district cannot be liable for violations of § 1983 unless the alleged deprivation results from an official custom, policy, or practice under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In enacting § 1983, "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 694 ("we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondent superior theory." (emphasis original)).

Here, Plaintiff alleges in her Complaint that PUSD "has acted pursuant to the enactment of policy, the use of practice, and the policy." (Doc. 1 ¶ 2.) She also states that PUSD "had a policy to deprive Plaintiff explicitly of free speech and association as guaranteed by the First Amendment," and that "Defendants acted in accordance with policy to make sure that District Employees were not treated fairly." (*Id.*) However, the Complaint contains no facts about what the policy was and how PUSD or its employees acted in accordance with the policy. Although Plaintiff points to paragraphs 17-18 and 32 of the Complaint to show that the actions of PUSD were taken in accordance with district policy, those paragraphs do not explain under what policy PUSD acted. Thus, it appears that the only allegations in the Complaint that allege that PUSD acted in accordance with policy

---

[3] In their Motion to Dismiss, Defendants argue that the Complaint does not state a valid wrongful termination claim. However, as the Complaint does not attempt to state a claim for wrongful termination, the Court will not address these arguments.

- 4 -

are conclusory and are unsupported by factual allegations, which is not sufficient survive a 12(b)(6) motion under federal law. *See Iqbal*, 556 U.S. at 678. Therefore, the Court finds that the complaint has not adequately pled § 1983 claims on which all of her constitutional claims rely.

### B. Equal Protection Claim

Plaintiff's Complaint claims that she was "denied the equal protection of the law, as guaranteed by the Fourteenth Amendment to the U.S. Constitution." (Doc. 1 ¶ 37.) Defendants argue that being "vindictive and malicious" alone does not constitute an equal protection violation. (Doc. 13 at 7; Doc. 1 ¶ 38.) "Conventional equal protection analysis focuses on whether the government has classified individuals on the basis of impermissible criteria." *Vakerua v. Davis*, 307 F.3d 1036, 1039 (9th Cir. 2002). The Supreme Court has ruled that a plaintiff cannot bring a "class-of-one" claim in the public employment context. *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 607-09 (2008) ("In concluding that the class-of-one theory of equal protection has no application in the public employment context—and that is all we decide—we are guided, as in the past, by the 'common-sense realization that government offices could not function if every employment decision became a constitutional matter.'" (citation omitted)). Here, Plaintiff is alleging exactly what the Supreme Court decided was not permissible, a class-of-one theory of equal protection in the public employment context. Since the Supreme Court has explicitly rejected such a theory, the Court finds that Plaintiff's Complaint does not adequately allege a claim for violation of Equal Protection and must be dismissed.

### C. Deprivation of Liberty (Retaliatory Firing) Claim

Plaintiff's Complaint alleges that PUSD's actions in retaliation of her attempt to suggest good policy alternatives in a public forum violated her liberty interest and property interest in employment. (Doc. 1 ¶ 40.) "The liberty interest protected by the due process clause 'encompasses an individual's freedom to work and earn a living.'" *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 907 (9th Cir. 1993) (quoting *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1100 (9th Cir. 1981)). To implicate a constitutional

liberty interest, "the reasons for dismissal must be sufficiently serious to 'stigmatize' or otherwise burden the individual so that he [or she] is not able to take advantage of other employment opportunities.'" *Id.* (citing *Bollow*, 650 F.2d at 1101.). Further, the charges against the employee must be published. *Id.* at 907-08 (citing *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074 (1976)) (concluding that the liberty interest of a terminated public defender was not violated because the charges from a termination letter from the county did not exclude him from the practice of law). Here, the facts alleged cannot constitute a violation of Plaintiff's liberty interest. The Complaint does not allege that PUSD made any stigmatizing public statement about the Plaintiff or in any other way excluded her from her chosen profession. Plaintiff clearly could seek employment elsewhere as a librarian after her employment with PUSD ended. Therefore, the Court finds that Plaintiff has failed to state a claim for violation of her constitutionally protected liberty interest.

### D. Property Interest/Due Process Claim

Plaintiff's Complaint alleges that PUSD's action in retaliation to her attempt to suggest good policy alternatives in a public forum violates her property right in employment without due process.[4] (Doc. 1 ¶ 40.) The Complaint states that Plaintiff was a "permanent employee" and states that she had a liberty and property interest in her position. (*Id.* ¶ 12.) In order to establish a due process claim, a plaintiff must show that they had a protected property interest in their job under state law. *Clements v. Airport Auth. Of Washoe Cty.*, 69 F.3d 321, 331 (9th Cir. 1995) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701 (1972)). "Under Arizona law, nontenured teachers and administrators do not have a property right in continued employment..." *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 429 (App. 1995) (citing *Petroni v. Bd. of Regents*, 115 Ariz. 562, 566 (App. 1977)). Although Plaintiff's Complaint alleges that she was a permanent employee, it does not allege that she was a tenured employee, which is what is required under Arizona law for school administrators to have a property interest

---

[4] The Court construes Plaintiff's claim of due process violation as an allegation that PUSD deprived her of property interest in her employment without due process.

in employment. Although the Complaint alleges that Plaintiff had a property right in her employment, that claim is conclusory with no factual allegations to support it. Therefore, the Court finds that the Complaint does not adequately allege a property interest/due process claim.

### E.  First Amendment Free Speech Claim

Plaintiff's Complaint alleges that at a school board meeting on April 2, 2019, nearly two weeks after she was told she was being terminated due to budget cuts, she offered to create a committee/focus group with the specific intention of addressing the cash shortfall affecting the funding of the K-12 library system. (Doc. 1 ¶ 17.) The Complaint alleges that in response, Plaintiff received a cease and desist letter from PUSD "demanding she cease her public protected free speech concerning public matters involving the Library, which was restricted pursuant to her employment contract with PUSD." (*Id.*) It also states that "[s]he also was placed on Administrative Leave for an investigation into her speech." (*Id.*) Later, Plaintiff alleges that she was told not to have any contact with any employee of PUSD or any student or parent unless permitted to do so by the superintendent or the director of human resources. (*Id.* ¶ 25.) Further, she alleges that PUSD infringed on her free speech rights by telling other school district employees not to talk to her and by prohibiting her from forming any committee to discuss library operations. (*Id.* ¶¶ 30, 35.) Plaintiff alleges that these allegations constitute a violation of her constitutional right to free speech. (*Id.* ¶ 40.)

The Ninth Circuit uses a version of the analysis outlined in *Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, Will Cty., Ill.*, 391 U.S. 563, 568 88 S.Ct. 1731 (1968), to determine the constitutionality of the government's curtailment of government-employee speech. *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960-61 (9th Cir. 2011). The test is:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public;

and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Poway Unified Sch. Dist.*, 658 F.3d at 961 (quoting *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009)).

Applying the *Eng* test, the Court finds that the Complaint does not state a claim for violation of Plaintiff's First Amendment rights. Specifically, Plaintiff has not alleged facts sufficient to indicate that she made the statements at issue in her capacity as a citizen, and not as a public employee pursuant to her official duties. *See Alozie*, 431 F.Supp.3d at 1117 ("Normally, 'when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.'") (citations omitted). Thus, under the facts alleged, her speech did not warrant First Amendment protection. Therefore, the Court finds that Plaintiff's claim for violation of her First Amendment right to free speech should be dismissed.

### F.  Claim against Individual Defendants

Defendants' Motion to Dismiss claims that the individual Defendants are immune from liability unless they knew or should have known that they were acting in violation of clearly established law. (Doc. 13 at 8.) "Public officials are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Brewster v. Bd. of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 977 (9th Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982), *cert. denied*, 143 L.Ed.2d 349 (1999). Qualified immunity is "quite far-reaching" and safeguards "'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986)). If officers of reasonable competence could disagree on whether a course of conduct is constitutional, immunity should be recognized. *Id.* (citing *Malley*, 475 U.S. at 341.). In her response, Plaintiff argues that all the individual Defendants knew or should have known that their attempts to limit Plaintiff's contact with

her colleagues was a "blatant violation" of her First Amendment rights, association, and due process. (Doc. 1 ¶ 38.) Plaintiff also alleges that the conduct of the individual Defendants was "all in knowing disregard of Plaintiff's rights to free speech, [sic] and equal protection guaranteed to her by the First and Fourteenth Amendment of the United States Constitution." (*Id.* ¶ 42.) Plaintiff's allegations that the individual Defendants knew or should have known that their conduct violated Plaintiff's rights is conclusory without factual allegations to support the claim. Further, the Court finds that officers of reasonable competence could disagree on whether the facts alleged in the Complaint violated Plaintiff's constitutional rights. Thus, the Court finds that the individual Defendants are immune from suit under the doctrine of qualified immunity.

### G. Leave to Amend

If a motion to dismiss based on Rule 12(b)(6) is granted, a court must, sua sponte, give Plaintiff leave to amend unless the court finds that any amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1147 (9th Cir. 2015) (Reinhardt, J. dissenting). Here, the Court finds that an amendment would not be futile. It appears that Plaintiff could cure the defects in the Complaint with an amendment or bring some other previously unasserted causes of action. Therefore, the Court will grant Plaintiff leave to file an amended complaint. Plaintiff's Complaint must be amended to address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

### IV. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** granting Defendants motion to dismiss, (Doc. 13), as to all

causes of action in Plaintiff's Complaint and dismissing the action without prejudice. (Doc. 1.)

**IT IS FURTHER ORDERED** granting Plaintiff leave to file an amended complaint within thirty (30) days of this order.

Dated this 30th day of November, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge